IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. |
| CASTLE CHEVROLET OF VILLA PARK, | ) ) ) | JURY TRIAL DEMANDED |
| Defendant. | ) ) ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, to correct unlawful employment practices on the basis of sex and to provide appropriate relief to Jennifer Olmos ("Olmos"), Thalia Pecaro ("Pecaro") and a class of female employees who were adversely affected by such practices. The U.S. Equal Employment Opportunity Commission (the "EEOC" or "Commission") alleges that Defendant Castle Chevrolet of Villa Park ("Defendant" or "Castle Chevrolet") discriminated against Olmos, Pecaro and a class of female employees by subjecting them to sexual harassment. EEOC further alleges that Defendant retaliated against Olmos and Pecaro when they complained of the sexual harassment and constructively discharged them, in violation of Title VII.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of

Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The unlawful acts alleged below were committed within the jurisdiction of the United States District Court for the Northern District of Illinois.

## PARTIES

3. Plaintiff, EEOC, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been a corporation doing business in the State of Illinois and has continuously had at least fifteen (15) employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e-5(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty (30) days prior to the institution of this lawsuit, Olmos and Pecaro filed charges of discrimination with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least October 2005, Defendant has engaged in unlawful employment practices in violation of Sections 703(a) and 704(a) of Title VII, 42 U.S.C. §§ 2000e-2(a) and 2000e-3(a). These practices include, but are not limited to:

    a) sexually harassing Olmos, Pecaro and a class of female employees by creating and tolerating a sexually hostile work environment through offensive comments of a sexual nature and unwelcome touching;

    b)    subjecting Olmos and Pecaro to retaliation after they complained of sexual harassment by altering the terms and conditions of their employment and demoting Pecaro; and

    c)    constructively discharging Olmos and Pecaro.

    8.    The effect of the practices complained of above has been to deprive Olmos, Pecaro and a class of similarly situated female employees of equal employment opportunities and otherwise adversely affect their status as employees because of their sex.

    9.    The unlawful employment practices complained of in paragraph 7 above were intentional.

    10.    The unlawful employment practices complained of in paragraph 7 above were done with malice or with reckless indifference to the federally protected rights of Olmos, Pecaro and a class of female employees.

### **PRAYER FOR RELIEF**

**WHEREFORE**, the Commission respectfully requests that this Court:

    A.    Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with Defendant, from engaging in any employment practices which discriminate on the basis of sex and/or retaliation;

    B.    Order Defendant to institute and carry out policies, practices and programs which provide equal employment opportunities for its employees regardless of sex and which eradicate the effects of its past and present unlawful practices;

    C.    Order Defendant to make whole Olmos and Pecaro by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief

necessary to eradicate the effects of the unlawful employment practice, including, but not limited to, rightful place reinstatement;

D. Order Defendant to make whole Olmos, Pecaro and a class of female employees by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 7 above, including, but not limited to, job search expenses and medical expenses, in amounts to be determined at trial;

E. Order Defendant to make whole Olmos, Pecaro and a class of female employees by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described in paragraph 7 above, including, but not limited to, emotional pain, humiliation, and inconvenience, in amounts to be determined at trial;

F. Order Defendant to pay punitive damages for its malicious and reckless conduct described in paragraph 7 above, in amounts to be determined at trial;

G. Grant such further relief as the Court deems necessary and proper in the public interest; and

H. Award the Commission its costs in this action.

## **JURY TRIAL DEMAND**

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

James Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
 COMMISSION
1801 "L" Street, N.W.
Washington, D.C. 20507

/s John C. Hendrickson
John C. Hendrickson
Regional Attorney


/s Diane I. Smason
Diane I. Smason
Supervisory Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
 COMMISSION
500 West Madison Street
Suite 2000
Chicago, Illinois 60661
312/353-7526
*diane.smason@eeoc.gov*
ARDC No. 06226130